UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CYNTHIA UNDERWOOD,

    Plaintiff,

v.

Case No. 2:25-cv-687-JLB-KCD

AUTO-OWNERS INSURANCE COMPANY

    Defendant,
_____/

## ORDER

Before the Court is Plaintiff Cynthia Underwood's Motion for Remand. (Doc. 17.)[1] Defendant Auto-Owners Insurance Company has responded (Doc. 19), making this matter ripe. For the reasons below, the motion is denied.

## I. Background

Underwood sued Auto-Owners, Aubrey St. Pierre, and Michael St. Pierre in state court following an auto accident. (Doc. 17 at 6.)[2] Underwood and the St. Pierres are Florida citizens, while Auto-Owners is not. (Doc. 5 at 3.) On June 6, 2025, Underwood filed a notice accepting Aubrey St. Pierre's proposal for settlement. (Doc. 17 at 27.) Then, on July 7, Aubrey and Michael

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] For ease of reference, the Court cites the page numbers generated by its electronic filing system.

St. Pierre were voluntarily dismissed from the case. (*Id.* at 28.) This left only Auto-Owners and Underwood as parties. They are diverse, so on August 4, Auto-Owners removed this case here based on diversity jurisdiction. (*Id.* at 31, 34.) Underwood now seeks remand, claiming removal was untimely. (Doc. 17.)

## II. Discussion

A defendant can remove a case from state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441. This includes actions where there is diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332.

There is a time limit on removal. If the requirements for diversity jurisdiction are present in the complaint, "notice of removal . . . shall be filed within 30 days after the receipt" of the initial pleading. *Hajdasz v. Magic Burgers, LLC*, 805 F. App'x 884, 888 (11th Cir. 2020). But where diversity jurisdiction arises later in the case, as here, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Put simply, a defendant has 30 days to remove an action upon receiving documents that provide the basis for removal.

According to Underwood, the 30-day window for removal started on June 6 when she filed the notice accepting Aubrey St. Pierre's proposal for settlement. This, in her view, told Auto-Owners "that the case is one which [had] become removable." (Doc. 17 at 4.) And since Auto-Owners "waited nearly two months to file a Notice of Removal," its request is late. (*Id.* at 5.)

Underwood's argument is fundamentally flawed. The notice she filed on June 6 only referenced a settlement with one of the resident defendants—Aubrey St. Pierre. (*See* Doc. 17 at 27.) So as far as Auto-Owners (and the state court) knew, diversity was still missing because Michael St. Pierre remained a party. In other words, Auto-Owners could not remove the case based on the June 6 notice because there was no diversity. *See Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1252 (11th Cir. 1988) ("[I]t is true that a nondiverse defendant must be formally dismissed from the case to permit a subsequent removal."). Underwood disclosed her settlement with *both* resident defendants on July 7. That's the first paper indicating there was now diversity. So Auto-Owners' thirty-day removal window began on July 7. And its August 4 removal was timely. *See, e.g.*, *Mitchell v. USAA Cas. Ins. Co.*, No. 1:21-CV-1224-LMM, 2021 WL 6752210, at *2 (N.D. Ga. May 10, 2021).

For these reasons, Plaintiff's Motion to Remand (Doc. 17) is **DENIED**.

**ORDERED**[3] in Fort Myers, Florida on August 29, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[3] Because a motion to remand does not address the merits of the case but merely changes the forum, it is a non-dispositive matter appropriately handled by order. *See Vazquez v. Lowe's Home Centers, LLC*, No. 2:24-CV-351-JLB-NPM, 2024 WL 3026386, at *2 n.2 (M.D. Fla. June 17, 2024); *Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).